IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

LAZARICK SPADE,

      Plaintiff,

v.                                  Case No. 22C1324

APRIL BOLDUAN,

      Defendant.

---

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Plaintiff brings this suit alleging an Eight Amendment deliberate indifference claim against Defendant April Bolduan, alleging that she spread rumors that Plaintiff was a snitch. Screening Order at 4-5, Dkt. 14. The Court also allowed him to proceed on Eighth Amendment claims against four additional defendants for allegedly failing to address Spade's concerns related to Boulduan. (Dkt. 10:2.) Plaintiff, however, failed to exhaust any of these claims, and this lawsuit should therefore be dismissed pursuant to the Prison Litigation Reform Act (PLRA).

## FACTS

The factual basis of Plaintiff's Eight Amendment claim is his allegation that, on April 18, 2021, Bolduan spread rumors about Plaintiff that he was a snitch, placing him at risk for reprisal from other inmates due to these rumors. (Dkt. 14 at 3.) Plaintiff filed Inmate Complaint RGCI-2022-12652 on August 22, 2022 in relation to this incident. Defendants' Proposed Findings of Fact (DPFOF) at ¶¶ 5-6. The inmate

Complaint did not identify issues with any other DOC employee. (DPFOF ¶ 15, Exhibit 1002 at 10-11). On August 31, 2022, the matter was dismissed by the reviewing authority, as the matter had been referred the DOC's security office for further investigation. (DPFOF ¶¶ 7-9.) The reviewing authority's decision was printed on September 2, 2022, and the 14-day appeal period began the next day. (DPFOF ¶ 11.) Plaintiff's appeal of the reviewing authority's decision was not received until September 28, 2022. (DPFOF ¶ 10.) This was well outside the 14-day appeal period. (DPFOF ¶¶ 12-13.) Plaintiff's appeal was therefore dismissed as untimely. (DPFOF ¶¶ 13-14.)

## STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Conclusory allegations are not enough to defeat a motion for summary judgment. *Mills v. First Fed. Sav. & Loan Ass'n of Belvidere*, 83 F.3d 833, 840 (7th Cir. 1996). Rather, in order for a party "to

avoid summary judgment that party must supply evidence sufficient to allow a jury to render a verdict in his favor." *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995).

**ARGUMENT**

Plaintiff alleged in Complaint RGCI-2022-12652 that Bolduan told other inmates he was a snitch. However, plaintiff failed to timely appeal the dismissal of his complaint, which means that he failed to exhaust his administrative remedies. Additionally, the only inmate Complaint he filed in this matter, RGCI-2022-12652, did not raise any concerns with any person other than Defendant Bolduan, and therefore failed to put the DOC on notice regarding any other Defendants. This case should therefore be dismissed pursuant to the PLRA.

**1. The Prison Litigation Reform Act requires an inmate to exhaust his administrative remedies before filing a lawsuit.**

The PLRA "mandates that an inmate exhaust 'such remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (quoting 42 U.S.C. § 1997e(a)). Specifically, it provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA "speaks in unambiguous" and "mandatory" terms: "An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross,* 578 U.S. at 638. As to reach, the Act "applies to all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

To "exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (quotation marks omitted)). This means an inmate must "properly" pursue "each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). The steps an inmate must follow are established by state law. *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA."). And they are "interpreted strictly," meaning "a prisoner must comply with the specific procedures and deadlines established by the prison's policy." *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) (quotation marks omitted). Seventh Circuit case law is clear: an inmate who fails to timely appeal a dismissed complaint has not exhausted his administrative remedies. *Pozo*, 286 F.3d at 1025 ("Pozo filed a timely and sufficient complaint but did not file a timely appeal. He therefore failed to exhaust his administrative remedies, and his federal suit must be dismissed.").

"Failure to exhaust is an affirmative defense, and the burden of proof is on the defendant[ ]." *Lockett*, 937 F.3d at 1025 (quotation marks omitted). Accordingly, the defendant must "show [the inmate's] failure to exhaust." *Williams v. Ortiz*, 937 F.3d 936, 941 (7th Cir. 2019). If the defendant meets this burden, a district court must

dismiss the case. *Ross*, 578 U.S. at 639 ("[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.").

**2. An inmate in Wisconsin, in order to exhaust administrative remedies, must comply with Wisconsin Administrative Code Chapter DOC 310.**

Wisconsin's administrative procedures for inmate complaints are outlined in Wisconsin Administrative Code Chapter DOC 310. The Code makes clear its objective: "The purpose of this chapter is to afford inmates in institutions a process by which grievances may be expeditiously raised, investigated, and decided." Wis. Admin. Code ch. DOC 310.01(1); *see also Lockett*, 937 F.3d at 1027 ("[T]he primary purpose of the exhaustion doctrine: it alerts the prison officials to the existence of the problem and affords an opportunity to repair the injury.").

To achieve that purpose, the Code created the "inmate complaint review system [IRCS]." Wis. Admin. Code ch. DOC 310.04(1). Under the ICRS, an inmate must "attempt to resolve [an] issue by following the designated process specific to the subject of the complaint" before "filing a formal complaint." Wis. Admin. Code ch. DOC 310.07(1). If no resolution can be reached, an inmate must then "file a complaint within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code ch. DOC 310.07(2).

Once an inmate files a complaint, an institution complaint examiner (ICE) must "collect and date stamp all complaints with the date collected." Wis. Admin. Code ch. DOC 310.10(1). The ICE must further "give written notice to the inmate within 10 days of collection that the complaint has been received." Wis. Admin. Code ch. DOC 310.10(4).

The ICE must then return, reject, or accept and investigate a complaint. Wis. Admin. Code ch. DOC 310.10(2). An ICE who accepts a complaint must "send a recommendation to the appropriate reviewing authority within 30 days from the date of receipt." Wis. Admin. Code ch. DOC 310.10(9). An ICE may recommend a complaint be "affirmed or dismissed in whole or in part." Wis. Admin. Code ch. DOC 310.10(12). If the reviewing authority dismisses the complaint, the inmate "may appeal" to the corrections complaint examiner (CCE) "within 14 days after the date of the decision." Wis. Admin. Code ch. DOC 310.12(1).

The CCE may return an appeal, may recommend rejection of an appeal that fails to comply with chapter 310.09, or it may accept an appeal. Wis. Admin. Code ch. DOC 310.12(2), (4)(a)–(e), (5). Should the CCE accept the appeal, it must "recommend that the reviewing authority decision be affirmed or dismissed, in whole or in part, and send its recommendation to the secretary within 45 days of receipt of the appeal." Wis. Admin. Code ch. DOC 310.12(9).

The secretary must then "make a decision within 45 days following receipt of the [CCE's] recommendation." Wis. Admin. Code ch. DOC 310.13(1). The secretary must "affirm or dismiss the [CCE's] recommendation, in whole or in part, or return the appeal to the [CCE] for further investigation." Wis. Admin. Code ch. DOC 310.13(2). "The secretary's decision is final." Wis. Admin. Code ch. DOC 310.13(3).

3. **Plaintiff did not exhaust his claims.**

"[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) [i.e., the PLRA] from litigating." *Pozo*, 286 F.3d at 1024.. In Pozo, the Court

held that the inmate failed to exhaust where he filed an appeal that was too late". *Id.* at 1025. Like the Plaintiff in *Pozo,* Spade did not timely appeal the dismissal of his inmate complaint. DPFOF ¶12. Nor did Spade file any other complaints related to the allegations he raised in his lawsuit. (DPFOF ¶16.) Plaintiff has thus failed to show he exhausted his remedies as to all of the claims he raises in this lawsuit. The case should therefore be dismissed.

4. **Plaintiff did not give prison officials notice under the PLRA regarding Defendants besides Bolduan.**

The purpose of the PLRA is to alert prison officials to problems so they can be addressed. *Schillinger v. Kiley,* 954 F.3d 990, 995 (7th Cir. 2020). In order to proceed with a lawsuit, a plaintiff must give prison officials "notice and opportunity to correct" the problem. *Id.* As Spade was aware of his own conversations but failed to file an inmate complaint identifying the non-Bolduan Defendants, he failed to exhaust his administrative remedies as they relate to those Defendants. The claims against all defendants, other than Bolduan, should therefore be dismissed.

## CONCLUSION

Because Spade failed to timely submit his appeal, summary judgment should enter in favor of Defendants for failure to exhaust his administrative remedies. Should the Court excuse Spade's failure to timely appeal, the Court should still dismiss all of the defendants besides Boldoun, as Spade failed to provide notice to the DOC regarding these defendants.

Dated June 5, 2023

Respectfully submitted,

7
Case 1:22-cv-01324-WCG   Filed 06/05/23   Page 7 of 8   Document 20

<pre>
                              JOSHUA L. KAUL
                              Attorney General of Wisconsin

                              s/ Daniel B. Peters
                              DANIEL B. PETERS
                              Assistant Attorney General
                              State Bar #1132126

                              REBECCA A. PAULSON
                              Assistant Attorney General
                              State Bar #1079833

                              Attorneys for Defendants
</pre>

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0278 (Paulson)
(608) 264-6218 (Peters)
(608) 294-2907 (Fax)
paulsonra@doj.state.wi.us
PetersDB@doj.state.wi.us