UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAZARICK SPADE,

        Plaintiff,

    v.                                    Case No. 22-C-1324

APRIL BOLDUAN, et al.,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Lazarick Spade, who is serving a state prison sentence at Redgranite Correctional Institution and representing himself, filed this action under 42 U.S.C. §1983. On June 5, 2023, Defendants moved for summary judgment on the ground that Spade failed to exhaust the available administrative remedies before he initiated this lawsuit. Dkt. No. 19. The Court informed Spade that his response materials were due on July 5, 2023, and warned him that, if he failed to timely respond, the Court would accept all facts asserted by Defendants as undisputed. *See* Fed. R. Civ. P. 56(e)(2). Spade did not respond to Defendants' motion. For the reasons explained below, the Court will grant the motion and dismiss this case.

## BACKGROUND

On August 22, 2022, Spade filed an inmate complaint asserting that Defendant Correctional Officer April Bolduan[1] called him a snitch in front of other inmates. The institution complaint examiner referred the inmate complaint to the warden, who directed that the complaint be dismissed and forwarded to the security office for further investigation. The staff investigation

---

[1] Defendants indicate in the Acceptance of Service that CO Bolduan's full name is April Bolduan. The Clerk is directed to correct the caption to reflect her full name.

process is regulated by state law, which protects the privacy and due process rights of staff. The institution complaint examiner then recommended dismissal of the inmate complaint. The reviewing authority (the warden) accepted the recommendation and dismissed the inmate complaint on August 31, 2022. The reviewing authority printed the decision and mailed it to Spade on September 2, 2022. The decision advises that: "A complainant dissatisfied with a decision may, within 14 days after the date of the decision appeal that decision by filing a written request for review with the Corrections Complaint Examiner. . . ." The first day after printing is the first day of the fourteen days allowed for the filing of an appeal. Thus, to be timely, Spade was required to submit his appeal by Monday, September 19, 2022. The corrections complaint examiner received Spade's appeal on September 28, 2022. On October 12, 2022, Spade's appeal was rejected as untimely. Dkt. No. 22 at ¶¶1-14; Dkt. No. 21-3 at 3.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at

trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Spade was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(1). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "A prisoner's failure to exhaust administrative remedies before filing a claim is an affirmative defense, . . . [so] defendants have the burden of pleading and proving the defense." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).

Wisconsin has established the Inmate Complaint Review System (ICRS) as the principal administrative remedy for prisoners. *See* Wis. Admin. Code § DOC 310.04. Under the ICRS, a prisoner must file an inmate complaint within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). A prisoner may file an appeal to the corrections complaint examiner within fourteen days of the date of the decision on the inmate complaint or, if the inmate does not receive a decision, forty-five days after the date the institution complaint examiner enters the complaint. Wis. Admin. Code §§ DOC 310.09(1), 310.11(3).

Per the regulations, Spade timely filed his inmate complaint; however, he did not timely file his appeal. Accordingly, he did not properly exhaust his administrative remedies, and Defendants are entitled to summary judgment.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Clerk shall correct the caption to reflect CO Bolduan's full name – April Bolduan.

**IT IS ALSO ORDERED** that Defendants' motion for summary judgment on exhaustion grounds (Dkt. No. 19) is **GRANTED** and this action is **DISMISSED without prejudice**. The clerk of court shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 13th day of July, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.